FILED
JUL X 8 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT G. WING, as Receiver for VESCOR CAPITAL CORP., a Nevada corporation, et al.,<br><br>Plaintiff,<br><br>v.<br><br>BRUCE S. GILLIS, individually and as trustee of the BRUCE S. GILLIS MD MPH INC. PENSION TRUST and as trustee of the CLOUD NINE AVIATION, LLC RETIREMENT TRUST,<br><br>Defendants. | ORDER GRANTING RECEIVER'S MOTION FOR ORDER DIRECTING CHARLES SCHWAB TO TRANSFER GARNISHED FUNDS AND ORDER DIRECTING CHARLES SCHWAB TO TRANSFER GARNISHED FUNDS<br><br><br>Case No. 2:09-CV-314<br><br>District Judge Dee Benson<br><br>Magistrate Judge Brooke Wells |

Previously the Court entered judgment in favor of the Plaintiff Robert Wing who is the Receiver for VESCOR Capital Corp.[1] "The Receiver now seeks an order directing Charles Schwab to transfer the garnished funds to the receivership estate."[2] As set forth below the Court is persuaded by the Receiver's arguments and GRANTS the motion.

## BACKGROUND

On August 28, 2012, Judge Benson entered judgment against Defendants Bruce S. Gillis MD MPH Inc. Pension Trust and Cloud Nine Aviation LLC Retirement Trust (collectively Defendants or the Trusts) in the amounts of $1,788,667.66 and $33,939.94 respectively.[3] Defendants filed a Notice of Appeal on April 25, 2012.[4] On August 28, 2012, the Court entered an Amended Judgment against the Trusts ordering the MPH Trust to return $2,330,105.88 and

---

[1] Docket no. 95.

[2] Docket no. 105.

[3] *See* Memorandum Decision and Order dated 3/22/12, docket no. 68; Clerk's Judgment dated 4/6/12, docket no. 69.

[4] Docket no. 72.

the Cloud Nine Trust to return $44,213.72 to the receivership estate.[5] Defendants filed their appellate brief with the Tenth Circuit On September 4, 2012.[6]

On October 16, 2012, the Receiver filed an *Ex parte* Motion for Hearing to Identify the Trusts' property.[7] According to the Receiver, the Trusts have not fully satisfied the judgments entered against them. The undersigned entered an order granting this request but it has subsequently been stayed pending an appeal to Judge Benson.[8] In the instant motion the Receiver seeks a transfer from Charles Schwab in the amount of $44,213.72, which is held in an account for Cloud Nine Aviation, LLC Retirement Trust.

## DISCUSSION

Previously the Receiver petitioned for, and was granted garnishment of Defendants' bank accounts at Charles Schwab.[9] As noted by the Receiver, however, the "writ of garnishment does not itself direct the garnishee to transfer garnished funds."[10] The Receiver asks that Charles Schwab "transfer all cash up to the amount of the judgment ($44,213.72) to the receivership estate."[11]

Defendants oppose the Receiver's motion arguing that because the underlying judgment is on appeal, then this Court should deny the request to release the funds. Defendants further assert that they would suffer "irreparable injury" because the funds are used to service obligations to Pension beneficiaries. Defendants suggest that the "more appropriate approach

---

[5] Docket no. 95.

[6] Def.s' Op to the Pla. Mtn for Supp. Order p. 2, docket no. 98.

[7] Docket no. 96.

[8] Docket nos. 110, 114.

[9] *See* Ex. A and B to mem. in sup. of mtn.

[10] Mem. in sup. p. 2.

[11] *Id.*

under the circumstances is to allow the Appeal process to run its course so that the Receiver's claim of entitlement to the funds he has garnished can be finally resolved."[12]

The Court disagrees with Defendants. "It is fundamental that the mere pendency of an appeal does not, in itself, disturb the finality of a judgment."[13] And, "[T]he district court has jurisdiction to act to enforce its judgment so long as the judgment has not been stayed or superseded."[14] Here, this case has not been stayed or superseded and Defendants have not filed a supersedes bond. Further, there is nothing before the Court indicating that the garnishment was defective or improper and Judge Benson entered judgment against the Defendants previously. The pending appeal does not by itself disturb this judgment. Therefore, the Court GRANTS the Receiver's motion.[15]

## ORDER

For the foregoing reasons the Court GRANTS the Receiver's Motion for Order Directing Charles Schwab to Transfer Garnished Funds.

It is HEREBY ORDERED that Charles Schwab CONVERT all securities held in account XXXX-7413, Cloud Nine Aviation, LLC Retirement Trust, to cash in the manner and sequence it deems most prudent, and to TRANSFER to Robert G. Wing, Receiver, 15 West South Temple, Suite 1700, Salt Lake City, Utah 84101, all cash in this account up to the amount of the $44,213.72.

---

[12] Op. p. 3.

[13] *Wedbush, Noble, Cooke, Inc. v. S.E.C.*, 714 F.2d 923, 925 (9th Cir. 1983); *see Hovey v. McDonald*, 109 U.S. 150, 161 (1883); 9 J. Moore, Federal Practice ¶ 208.03 at 1407-08.

[14] *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 n.2 (5ht Cir. 1984).

[15] The cases cited to by Defendants *Miami Intern. Realty Co. v. Paynter*, 807 F.2d 871 (10th Cir. 1986) and *Farm Bureau Life Ins. Co. v. American Nat'l Ins. Co.*, 2009 WL 961171 (D.Utah 2009) are inapplicable to the instant case. In *Miami Intern.* the court of appeals held that the district court properly granted a stay of execution of judgment where the defendant's motion to stay was supported in the record. In *Farm Bureau* the defendants' motion for stay of execution was granted but their motion for a reduced or waived bond requirement was denied. Here, as mentioned, there has been no bond filed and there is no stay of execution supported by the record.

IT IS SO ORDERED.

DATED this 15 January 2013.

*[signature: Brooke C. Wells]*

Brooke C. Wells
United States Magistrate Judge